*Hill & Rives, for appellant.*

---

JAMES S. PRATHER, ADMR. *v.* WM. S. PRATHER'S ADMR.

**Burden of an Appellant.**

　　One who appeals his case to this court has the burden of bringing to this court a record showing that reversible error occurred in the trial court.

**Demurrer Admits Facts Well Pleaded.**

> A demurrer admits the truth of statements of a pleading demurred to as well as all necessary inferences from facts where the facts are well pleaded.

APPEAL FROM MASON CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE PRYOR:

The motion to dismiss or affirm the judgment below for the want of a proper assignment of errors can not be maintained. The error alluded to by counsel for the appellee does not present any reason for reversing the judgment, that is, that the court erred in rendering a judgment on the verdict. One of the errors assigned is that the court erred in sustaining the demurrer to the third and fourth paragraphs of the answer; another that the court erred in its instructions; and still another that the court erred in not transferring the case to the equity docket.

Counsel for the appellee seem to have overlooked their assignments that bring up the principal questions involved and upon which must be determined the validity of the defense interposed. There can be no question as to the effect of the judgment and the division of the land under it in the equity action. On the face of the record appealed from in that case an affirmance was irresistible, as the facts alleged in the answer of appellant to the ejectment suit were not presented in the equity record except by the briefs of counsel. The judgment of February, 1881, settled the rights of the parties in so far as appeared from the pleadings and exhibits filed, and the burden is on the appellant of showing some reason for disturbing that judgment.

In the present action of ejectment the answer of the appellant presents a defense to the recovery to the extent of his interest. It is manifest that if the facts stated are true the appellant has more land than he is entitled to, and the appellee less. They both claim or derive title from the same source, as it is the land left them by their ancestor that is the subject of controversy.

It is not a question as to whether the division was a fair one, or whether the commissioners in dividing the land placed too high an estimate on the one lot or too low on the other, but the question is

as between the children. Did they intend when applying for the partitions proposed to have their entire interest allotted, and in accepting the commissioner's deeds recognize the division as full and complete? Upon the fact of the record in that equity action, nothing else appearing, it would be considered as final. The primary object of the petition as is alleged by appellant was to sell the land, and, failing in that, the heirs or children from time to time had their shares allotted, definite and fixed in quantity, and set apart to them, recognizing a share as one-twelfth and two-sixteenths and without regard to what they had purchased or by reason of their inheritance from the other children. This seems to have been done by nearly all and perhaps by the appellee when it was apparent that all the land they were entitled to was not set apart to them. This the appellant alleges and facts are conduced to establish its truth. These allotments seem to have been made at different times and in an ex parte proceeding for the division between the parties in interest. It is alleged that no notice was given by the one to the other, but it seems evident that they only allotted a full share as if all were entitled to that much and no more. After many allotments had been made, in November, 1878, the appellee obtained a conveyance to all the balance of the land as his share, which if the statements of the answer are true gave him greatly more than the others, and in it land to which appellant was entitled. While appellant can not complain for the other heirs he should be heard in his own behalf. This case ought to have been transferred to equity and all interested made defendants by answer that appellant may if he can establish his right.

The statement made that appellee obtained this allotment of near one hundred acres without notice and after the other division had been made would evidence either a mistake or fraud on his part. It will not be argued in a proceeding like this that because the appellant united in the petition that he will be presumed to have been always in court, when if what he alleges is true there was no necessity for vigilance, as the parties fully understand each other, and the relation between them was such that neither had the right to suspect the other.

We are presenting this case only as the answer presents it, as the demurrer admits the statements of that pleading to be true, and whether true or false must depend upon the facts established or

the necessary inference from facts that may conduce to establish or refute appellant's petition in this case. It is incumbent upon the appellant to show that he was entitled to greater interests than were allotted him, and further that the parties understood that they were only having allotted a certain share to each without reference to their full interests, each as had been acquired from others, or by reason of their being a less number of shares than was recognized in the allotment. To determine these issues the entire action of the parties will be considered. As the answer presents a cause for relief, the judgment is reversed with directions to award a new trial, to overrule the demurrer to the answer, and transfer the case to equity, making all parties who have not sold their interests, and for proceedings consistent with this opinion.

Judgment *reversed*.

*E. C. Phister, G. W. Adair, J. G. Hickman, for appellant.*
*H. L. Stone, G. S. Wall, H. Taylor, for appellee.*